**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                           :
UNITED STATES OF AMERICA,                  :   CIVIL ACTION NO. 11-2518 (MLC)
for the benefit of PACE                    :
CONSTRUCTION INC.,                         :       MEMORANDUM OPINION
                                           :
     Plaintiff,                            :
                                           :
     v.                                    :
                                           :
UNIVERSAL CONSTRUCTION COMPANY,            :
INC., REGIMENT CONSTRUCTION                :
CORP., and INTERNATIONAL                   :
FIDELITY INSURANCE COMPANY,                :
                                           :
     Defendants.                           :
                                           :
```

**IN THIS ACTION** to recover payments allegedly owed for work performed on a federal construction project: (1) the defendant Regiment Construction Corp. ("RCC") was the general contractor; (2) the defendant International Fidelity Insurance Company ("IFIC") was RCC's surety, which provided a payment bond for the project; (3) the defendant Universal Construction Company, Inc. ("UCCI") was RCC's subcontractor; and (4) the plaintiff, Pace Construction Inc. ("PCI"), was UCCI's subcontractor. PCI asserts that it was not paid for its work. (See dkt. entry no. 1, Compl. at 4-6; dkt. entry no. 63, UCCI Mem. of Law at 2; dkt. entry no. 64, RCC-IFIC Joint Mem. in Opp'n at 3.)

**THE COURT** granted the part of PCI's motion seeking entry of default judgment on the issue of liability against UCCI on November 7, 2011. (See dkt. entry no. 19, 11-7-11 Order.)  On

January 25, 2012, the Clerk of the Court entered default against UCCI as to the cross-claims asserted by RCC and IFIC against UCCI ("Cross-Claims").  (See unnumbered dkt. entry following dkt. entry no. 33.)  RCC and IFIC have not moved for entry of default judgment against UCCI.

**WHEN** the aforementioned relief was awarded, UCCI had yet to retain counsel.  But counsel appeared on UCCI's behalf on March 29, 2013.  (See dkt. entry no. 57, 3-29-13 Notice of Appearance.)

**UCCI** is now represented by counsel and moves — by a motion filed on June 21, 2013 ("Motion") — to set aside (1) the default judgment on the issue of liability entered in PCI's favor ("PCI Liability Judgment"), and (2) the entry of default in favor of RCC and IFIC ("RCC-IFIC Default").  (See generally dkt. entry no. 63.)  PCI has not filed opposition to the Motion, but RCC and IFIC have filed opposition jointly.  (See generally dkt. entry no. 64.)  The Court will address the Motion upon review of the papers.  See L.Civ.R. 78.1(b).  The Court will grant the part of the Motion seeking to set aside the RCC-IFIC Default.  In addition, the Court will deny the part of the Motion seeking to set aside the PCI Liability Judgment, but with leave to UCCI to seek further relief in part.

**UCCI** argues in support of the Motion that: (1) it can assert meritorious claims and defenses, e.g., RCC failed to pay UCCI, and RCC and IFIC actually owe PCI the payment at issue; (2) there

2

would be no prejudice suffered here because there has been little discovery — e.g., only UCCI's principal has been deposed — and RCC has a paper file reflecting any payments made; (3) the delay in retaining counsel was due to UCCI's financial inability to do so — about which UCCI's principal advised the Court — and not the result of contumacious conduct; and (4) UCCI's principal attempted to proceed on its behalf in the interim.  (See UCCI Mem. of Law at 1-5, 8-13; dkt. entry no. 67, UCCI Reply Br. at 2.)

**RCC AND IFIC** in their joint opposition: (1) refute UCCI's financial-hardship argument, asserting that UCCI received approximately $105,000 for the project; (2) argue that the Magistrate Judge repeatedly advised UCCI's principal to retain counsel; and (3) argue that they "have incurred substantial expenses for the many conferences conducted over the past two years".  (RCC-IFIC Joint Mem. in Opp'n at 2.)

**RCC AND IFIC** also argue that RCC "has taken an assignment of [PCI's] claim and its rights under [PCI's Liability Judgment]", and RCC and PCI "would not have reached that agreement if [UCCI] was going to be given another opportunity to proceed with its affirmative claims".  (Id.)  Indeed, following the filing of opposition papers by RCC and IFIC, a stipulation of dismissal was filed as to the claims asserted by PCI against RCC and IFIC. (See dkt. entry no. 68, Stipulation of Dismissal.)  The Cross-Claims presumably remain viable.

3

**BUT THE COURT** notes that PCI has not filed opposition to the part of the Motion seeking to set aside the PCI Liability Judgment. Also, despite the assertions by RCC and IFIC that they have taken an assignment of PCI's rights under the PCI Liability Judgment, the Court's electronic docket reveals that PCI's counsel remains unchanged from when the action was brought. (See Docket, PCI Attorney To Be Noticed.) The standing of RCC and IFIC to oppose the part of the Motion seeking to set aside the PCI Liability Judgment is unclear.

**THE PART** of the Motion seeking to set aside the PCI Liability Judgment is controlled by Federal Rule of Civil Procedure ("Rule") 60(b). See Fed.R.Civ.P. 55(c). But UCCI has not referred to Rule 60(b) in support of that part of the Motion.

**UCCI** filed the Motion in June 2013, more than one year after the entry of the PCI Liability Judgment in November 2011. To the extent that UCCI could have been afforded relief pursuant to Rule 60(b)(1) (concerning, inter alia, excusable neglect), Rule 60(b)(2) (concerning newly discovered evidence), or Rule 60(b)(3) (concerning, inter alia, fraud), such relief is time-barred. See Fed.R.Civ.P. 60(c)(1) (stating motion under (b)(1), (b)(2), or (b)(3) "must be made . . . no more than a year after the entry of the judgment or order"). Thus, the part of the Motion seeking relief, in effect, under Rule 60(b)(1), 60(b)(2), and 60(b)(3) will be denied.

4

**BUT** it is plausible that UCCI could argue for relief under the other subsections of Rule 60(b) ("Other Subsections"). See Fed.R.Civ.P. 60(c)(1) (stating also that motion under Other Subsections "must be made within a reasonable time"). In the interests of justice, the Court will afford UCCI an opportunity to properly brief such an argument with specific references to the Other Subsections, Rule 60(c)(1), and the relevant case law. See Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982) (stating default judgments are highly disfavored). Thus, the part of the Motion seeking relief, in effect, under the Other Subsections will be denied without prejudice. In doing so, the Court anticipates that PCI may respond with a proper opposition brief on its own behalf.[1]

**THE PART** of the Motion seeking to set aside the RCC-IFIC Default is controlled by Rule 55(c), which permits such relief "for good cause". Fed.R.Civ.P. 55(c). The decision whether to set aside an entry of default is in the Court's discretion. See Farnese, 687 F.2d at 763-64. Here, the Court must address whether (1) RCC and IFIC will be prejudiced, (2) UCCI has a

---

[1] The Court notes the argument by RCC and IFIC that RCC would not have taken an assignment of PCI's rights if UCCI would be given another opportunity to proceed. However, the Court also refers RCC and IFIC to Rule 60(b) and Rule 60(c), and the case law generated therefrom, permitting a default judgment to be set aside. Furthermore, such an agreement between certain parties does not necessarily prevent a different party from otherwise defending itself on the merits.

5

litigable defense to the Cross-Claims, and (3) the default is the result of UCCI's culpable conduct.  See id. at 764.

**THE COURT FINDS** that RCC and IFIC will not be prejudiced if the default is set aside, as they (1) do not allege that their ability to pursue the Cross-Claims will now be hampered, (2) do not refute UCCI's assertion that discovery has been limited so far, and (3) can ascertain the amount of damages to which they are allegedly entitled if UCCI is held solely liable.  (See UCCI Mem. of Law at 1, 10-11; UCCI Reply Br. at 3, 6.)  UCCI has indeed presented litigable defenses to the Cross-Claims.  It also appears that UCCI's conduct — insofar as it pertains to RCC and IFIC — was not willful or in bad faith, particularly in view of the fact that counsel for UCCI has been retained.  Furthermore, in view of the circumstances and the efforts of UCCI's counsel to now oversee UCCI's representation, the lapse of time between the entry of the RCC-IFIC Default and the Motion does not bar the Court from setting aside that default.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

**Dated:**  February 21, 2014