**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| REGIMENT CONSTRUCTION CORP., | : | CIVIL ACTION NO. 11-2518 (MLC) |
| individually and as assignee of UNITED | : | |
| STATES OF AMERICA for the benefit | : | **MEMORANDUM OPINION** |
| of PACE CONSTRUCTION INC.; and | : | |
| INTERNATIONAL FIDELITY | : | |
| INSURANCE COMPANY, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSAL CONSTRUCTION | : | |
| COMPANY, INC.; and RAMY S. | : | |
| ABADEER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE COURT** assumes that the parties are familiar with the procedural history of
this action up to and including February 21, 2014 as set forth in the previous opinions and
orders.  (See dkt. entry no. 70, 2-21-14 Order; dkt. entry no. 69, 2-21-14 Op.; dkt. entry
no. 19, 11-7-11 Op. & Order; see also dkt. entry no. 45, 10-3-12 Mag. Judge Order.)  For
the sake of brevity, the Court will not repeat that history here.

**THE DEFENDANT** Universal Construction Company, Inc. ("UCCI") moved on
March 21, 2014 to set aside the default judgment on the issue of liability ("Liability
Judgment") entered in favor of the plaintiff Pace Construction Inc. ("PCI").  (See dkt. entry
no. 73, UCCI Notice of Mot.; see also 11-7-11 Op. & Order at 3.)  See Fed.R.Civ.P. 55(c);

see also Fed.R.Civ.P. 60(b)(6) (permitting default judgment to be set aside for "any other reason that justifies relief"); Fed.R.Civ.P. 60(c)(1) (permitting motion to set aside default judgment under Federal Rule of Civil Procedure 60(b)(6) more than one year after judgment is entered, but "within a reasonable time").  PCI was the sole plaintiff when UCCI filed the motion on March 21, 2014.  (See UCCI Notice of Mot.)  That motion as filed in its original form remains pending.

**REGIMENT CONSTRUCTION CORP.** ("RCC") and International Fidelity Insurance Company ("IFIC"), which were listed as being defendants in the action, opposed the motion on April 11, 2014.  (See dkt. entry no. 78, RCC & IFIC Br. in Opp'n.)

**THE PARTIES** then consented on April 16, 2014 to amend the caption to reflect "a settlement between [PCI] and [RCC] with [RCC] taking an assignment of [PCI's] claim against [UCCI] as part of the settlement".  (Dkt. entry no. 80, 4-16-14 Consent Order at 2.)  RCC and IFIC, both of which had been named as defendants, are now listed as plaintiffs along with PCI.  (Id.)  The full caption that appears on this memorandum opinion reflects the amended caption.

**UCCI** then stipulated on May 15, 2014 to dismiss any claims that it had pending against IFIC.  (See dkt. entry no. 83, 5-15-14 Stip.)  That stipulation features the amended caption, and lists IFIC as a plaintiff.  (Id.)

2

**THE COURT** will decide the motion on the papers submitted, and without conducting oral argument. <u>See</u> L.Civ.R. 78.1(b).

**EVEN THOUGH** the caption has been amended, no amended pleadings have been filed. Certain parties that had previously been named as defendants are now listed as plaintiffs. It is unclear whether any cross-claims or counterclaims — other than claims that UCCI could bring against IFIC — remain relevant. The Liability Judgment was entered based on pleadings and a caption that are no longer viable.

**THE EVENTS** that have transpired since the entry of the Liability Judgment — indeed, since the motion to set aside the Liability Judgment and the opposition thereto have been filed — give rise to the "exceptional circumstances" or "extraordinary circumstances" that counsel the Court to exercise the discretion to set aside the Liability Judgment. <u>See</u> <u>Coltec Indus. v. Hobgood</u>, 280 F.3d 262, 273, 277 (3d Cir. 2002) (concerning standard to be used when addressing motion made under Federal Rule of Civil Procedure 60(b)(6)). For the Court to allow the Liability Judgment to stand and to allow the currently-listed plaintiffs to eventually argue for an award of damages based on pleadings that are out of date would be "constitutionally suspect". <u>See</u> <u>Flynn v. Best Buy Auto Sales</u>, 218 F.R.D. 94, 98 (E.D. Pa. 2003) (denying motion to amend caption on a previously-entered default judgment). The motion will be granted. The Court advises the apparent plaintiffs herein to clarify which parties are asserting which claims in this action

before seeking any further relief, perhaps by moving before the Magistrate Judge for leave to amend the relevant pleadings.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  June 17, 2014

4